**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RICKY JOE BUCK** | ) | |
| **ID # 1244464,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:13-CV-0795-N-BH** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

## I. BACKGROUND

Ricky Joe Buck (Petitioner) challenges the denial of release on mandatory supervision. The respondent is William Stephens (Respondent), Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).

### A. Factual and Procedural History

On June 17, 2004, Petitioner pled guilty to and was convicted in Bell County of possession of child pornography in Cause Numbers 56052, 56053, and 56054, and he was sentenced to ten years' imprisonment in each case. (Response at 3). His deferred adjudication in Cause Number 43858 in 1993 for indecency with a child was also revoked, and he was sentenced to twenty years' imprisonment in that case. (Petition "Pet." at 2; Resp., Ex. B). He did not appeal these convictions.

On December 17, 2012, Petitioner filed a state habeas application challenging the denial of mandatory supervision in Cause No. 43858. His state writ was denied on its merits without written

order by the Texas Court of Criminal Appeals on January 23, 2013. (State Habeas Transcript "S.H.Tr." at cover, 24).

Petitioner mailed his petition for federal habeas relief on February 13, 2013. (Pet. at 9). Respondent filed a response on July 11, 2013, and provided the state court records. Petitioner did not file a reply brief.

**B. <u>Substantive Issues</u>**

Petitioner's sole ground of error alleges that his due process rights were violated because he was denied mandatory supervision in Cause No. 43538 and held past his mandatory release date of April 19, 2012. (Pet. at 7).

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law,

within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**III. DUE PROCESS**

Petitioner alleges that the Bureau of Pardons and Paroles (BPP) denied him due process by

failing to release him on mandatory supervision in April of 2012.[1] He claims that he became eligible for mandatory supervision on that date because his flat time and good time credits equaled his sentence. (Pet. at 7).

Although "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), Texas has created a constitutional expectancy of early release for eligible inmates through its statutory mandatory supervision scheme. *See* TEX. GOV'T CODE ANN. §§ 508.147, 508.149 (Vernon 2003); *Teague v. Quarterman*, 482 F.3d 769, 775-77 (5th Cir. 2007). The Texas scheme gives rise to a liberty interest subject to due process protections. *Teague*, 482 F.3d at 775-77. However, the scheme in place since September 1, 1996, is not entirely mandatory. *Id.* at 775. Section 508.149 eliminates the mandatory nature of the scheme if the BPP "determines that: (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public."

In the context of the Texas scheme for release on mandatory supervision, "due process requires notice and a meaningful opportunity to be heard," and "[i]f release is denied, the inmate must be informed in what respects he falls short of qualifying for early release." *Ex parte Geiken*, 28 S.W.3d 553, 560 (Tex. Crim. App. 2000) (citing *LaChance v. Erickson*, 522 U.S. 262, 266 (1998); *Greenholtz*, 442 U.S. at 16). The notice must typically inform the inmate "of the specific month and year in which he will be reviewed for release on mandatory supervision." *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).

---

[1] Petitioner asserts in his federal petition that he should have been released on April 19, 2012. Respondent asserts in the response that the actual denial of mandatory supervision occurred on March 1, 2012, and that mandatory supervision was against denied on January 22, 2013, after the state writ was filed. (Resp. at 2, 4). A precise date of the denial of mandatory supervision is not necessary to the disposition of this issue.

Petitioner pled guilty to the offense of indecency with a child prior to 1996, and was convicted of three child pornography offenses after 1996. Under the Texas mandatory supervision scheme that has been in place since 1996, release on mandatory supervision in those three cases would not be automatic. (Resp. at 11-12). Respondent has submitted the written notice Petitioner received and signed on January 4, 2012, notifying him that his initial discretionary mandatory supervision review would occur, and that he had thirty days to submit any additional written information he wished to the BPP. (Response, Ex. B at 6). Discretionary mandatory supervision was subsequently denied. (Resp., Ex. B at 7, 9). Petitioner does not argue that he did not receive notice of the review or of the denial. Instead, he claims that he should have been released when he reached his mandatory supervision release date for his earlier offense.

The affidavit of Charley Valdez with the Classifications and Records Department of the TDCJ-CID explains that in order to be released, an inmate must be eligible for release on all offenses. At the time her affidavit was prepared on May 2, 2013, Petitioner had been denied discretionary mandatory supervision in the three child pornography offenses. Petitioner's next discretionary mandatory supervision review date for those three offenses was to be January of 2014. If he was again denied mandatory supervision on that date, he would be released on March 8, 2014, when he fully discharged the three ten-year sentences. He would then be released on mandatory supervision for his earlier offense.[2] Accordingly, the record reflects that Petitioner was not improperly denied his due process rights. The state court's denial of this ground for relief is not contrary to federal law, and it is recommended that his petition be denied.

---

[2] It appears that Petitioner has now been released on mandatory supervision.

## IV. EVIDENTIARY HEARING

Based on the filings in this case and the proceedings held in state court, as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SIGNED on this 11th day of April, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE